Anthony D. RETIC, Petitioner–
Appellant,

v.

UNITED STATES of America, the At-
torney General of the State of Ala-
bama, the Warden Kenneth L. Jones,
Respondents–Appellees.

No. 08–11658.

United States Court of Appeals,
Eleventh Circuit.

March 23, 2009.

Ann Day Lawrence, Birmingham, AL,
for Petitioner–Appellant.

John M. Porter, Office of the Attorney
General, Montgomery, AL, Jenny Lynn
Smith, U.S. Attorney's Office, Birming-
ham, AL, for Respondents–Appellees.

Before EDMONDSON, Chief Judge,
DUBINA and KRAVITCH, Circuit
Judges.

PER CURIAM:

Petitioner–Appellant Anthony D. Retic
("Retic"), appeals the denial of his federal
habeas petition brought under 28 U.S.C.
§ 2254. Retic, in fact, filed two amended
habeas petitions attacking separate convic-
tions from the Birmingham, Alabama, and
Bessemer, Alabama, Divisions of the Jef-
ferson County Circuit Court. Pursuant to
Rule 2(e) of the Rules Governing Section
2254 cases, the district court construed the
petitions to be part of the same habeas
application on the basis that the Birming-
ham and Bessemer Divisions were part of
the same circuit court. Although the dis-
trict court determined that the judgments
were part of the same habeas application,
it found that each judgment had its own
separate statute of limitations.

The district court granted a certificate
of appealability ("COA") on three issues:

(1) Inasmuch as Rule 2(e) of the Rules
Governing Section 2254 cases allows multi-
ple "judgments" from the same court to be
joined in a single habeas application, are
two habeas petitions challenging convic-
tions respectively in the Jefferson County
Circuit Court (Birmingham Division) and
the Jefferson County Circuit Court (Bes-
semer Division), deemed to be a single
habeas petition attacking multiple judg-
ments of the same court for purposes of
Rule 2(e), or are they separate petitions ·
attacking judgments from two different
courts?

(2) If the answer to the previous issue is
that they are two separate petitions chal-
lenging convictions in two separate courts,
which of the two petitions filed by petition-
er should this court have accepted as the
"amended petition" mandated by the court
of appeals' [s] prior mandate when both
sets of the convictions are interrelated by
the alleged breach of a single plea agree-
ment?

(3) If the answer to Issue Number 1 is
that the two petitions filed by petitioner
are a single petition challenging multiple
judgments in the same state court (Jeffer-
son County Circuit Court), does the
§ 2244(d)(1)(A) one-year limitation run for
all judgments from the date the last state
judgment became final, or does each state
"judgment" have its own one-year limita-
tion, even though they are all joined in a
single application?

"When reviewing the district court's de-
nial of a habeas petition, we review ques-

tions of law and mixed questions of law and fact *de novo,* and findings of fact for clear error." *Nyland v. Moore,* 216 F.3d 1264, 1266 (11th Cir.2000).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court committed no reversible error. Accordingly, we affirm the district court's judgment denying habeas relief.

AFFIRMED.